UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN LEE BUTLER, CDCR #AC-9987,<br><br>                    Plaintiff,<br><br>v.<br><br>VALDEZ, Receiving and Release C/O, Centinela State Prison,<br><br>                    Defendant. | Case No.: 22-cv-620-MMA (AHG)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 2] |

Derwin Lee Butler ("Plaintiff" or "Butler"), a state inmate currently incarcerated at the Correctional Training Facility ("CTF") located in Soledad, California and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

**I. S<small>UA</small> S<small>PONTE</small> S<small>CREENING</small> P<small>URSUANT TO</small> 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or

the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

A.   **Plaintiff's Factual Allegations**

Butler was incarcerated at Centinela State Prison ("CSP") on August 4, 2021. Compl. at 4. He was "taken to the prison's receiving and release office in order to pack [his] property for transfer." *Id*. Butler states he had more than the maximum number of books allowed, and defendant Valdez told him he would have to pick ten books to take with him and the rest would be shipped to his home at his expense. *Id*. Butler claims he told Valdez that his textbooks related to the paralegal correspondence course he was taking were exempt from the ten-book maximum because they were fore his "ongoing education," but Valdez disagreed. *Id*. The books Butler could not take with him during his transfer were put in a box for shipping. *Id*. at 4–5. According to Butler, Valdez told him "he would write the name of the books on [a] list, make a photocopy and provide [him] with that copy before [he] transferred to the next prison." *Id*. at 5.

Butler's books have not arrived at his home. *Id*. He filed an inmate appeal about his books, which was denied at every level. *Id*. Butler claims Valdez has lied during the investigation and said he never confiscated Butler's books. *Id*.

**B.     Discussion**

Butler's sole claim is that he was deprived of his property. The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007). Accordingly, Plaintiff cannot state a due process claim premised on the deprivation of property and therefore the Court dismisses his claims without leave to amend pursuant to 28 U.S.C. §§ 1915A(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Butler has not paid the civil filing fee associated with this Complaint but he has submitted a Motion to Proceed in Forma Pauperis. *See* Doc. No. 2. Because the Court is dismissing this case without leave to amend, the Motion to Proceed in Forma Pauperis is moot.

* * *

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) without leave to amend because the Court finds further amendment would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). The Court further **DENIES** Plaintiff's Motion to Proceed IFP as moot and **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED**.

Dated: June 1, 2022

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge